FILED

07/25/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 24-0442

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, Montana 59624
Tel: (406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * * *

| | |
|---|---|
| IN THE MATTER OF MICHAEL D. MONTGOMERY, <br><br> An Attorney at Law, <br><br> Respondent. | Supreme Court Cause No. <br><br> ODC File No. 23-162 <br><br> **COMPLAINT** <br><br> **Rules 1.1, 1.3, 1.4, 1.5(b), 1.15, 1.16, and 1.18, MRPC** |

By leave of the Commission on Practice granted on July 17, 2024, the Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby charges Michael Montgomery with professional misconduct as follows:

**General Allegations**

1.      Michael Montgomery, hereinafter referred to as Respondent, was admitted to the practice of law in the State of Montana in 2003, at which time Respondent took the oath required for admission, wherein he agreed to abide by the Rules of Professional Conduct, the Disciplinary Rules adopted by the Supreme

*Complaint* - Page 1

Court, and the highest standards of honesty, justice and morality, including but not limited to, those outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

2.    The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3.    Respondent was previously disciplined in 2004 for violations of Rule 1.1, Competence; Rule 1.3, Diligence; and Rule 3.2, Expediting Litigation, MRPC.

4.    Respondent primarily practiced in Ravalli and Missoula counties, with an office in Hamilton. In January 2023, Respondent began closing his office and moved to Wisconsin in approximately May 2023.

## Count One

5.    ODC realleges and incorporates paragraphs 1 through 4 of the General Allegations as if fully restated in this Count One.

6.    Respondent represented J.C. in two (2) family law cases: one (1) out of Ravalli County and the other in Missoula County. Respondent entered a *pro bono* appearance on J.C.'s behalf on June 7, 2017, in Ravalli County. A hearing was held on June 8, 2017, and the Court entered the Final Findings of Fact, Conclusions of Law, Final Decree, and Parenting Plan, that same date.

7.    Throughout the following four (4) years, numerous legal issues arose between the two (2) parties including a contempt motion and Order of Protection hearing. Eventually, a new Interim Parenting Plan was entered between the parties, and a trial date was set. On December 7, 2021, the Court entered another Findings of Fact and Conclusions of Law.

8.    In June 2022, J.C.'s former spouse and co-parent filed another Motion to Amend the parties' Final Parenting Plan. Respondent moved to withdraw, which the Court granted on July 7.

9.    The Missoula County matter was initiated in March 2021 when the father of another of J.C.'s children, D.R., filed a Petition for Parenting Plan. After filing and serving his Petition, D.R. retained attorney, Stephanie DeBoer ("DeBoer"), in May 2021.

10.    On June 8, DeBoer filed a request to enter default, and Respondent filed a Notice of Appearance for J.C. that same day. The next day, Respondent filed J.C.'s Response to the March Petition, as well as a Response to the Request for Default or in the Alternative, to Set Aside Default. However, no default was entered, and no other action was taken until May 2023.

11.    In early May, DoBoer emailed Respondent seeking his position on her request for mediation. Respondent indicated he had no objection, but he would be withdrawing. On May 8 DoBoer filed a request for the parties to attend mediation.

*Complaint* - Page 3

The Court issued an Order on May 9, requiring the parties to complete mediation before August 15. DoBoer again emailed Respondent and requested he either withdraw or provide J.C.'s contact information; he did not respond. DoBoer then emailed the mediator and included Respondent.

14.     Respondent failed to respond to the email exchanges and a date for mediation was never set. Respondent also failed to advise J.C. of the request for mediation or the Court's subsequent order.

13.     Due to Respondent's failure to communicate, DeBoer filed a Request for Final Hearing on July 26. In the Court's July 29 Order, a final hearing was set for August 22. Neither Respondent nor J.C. appeared at the hearing, and D.R's Proposed Parenting Plan was adopted as the Final Parenting Plan that same date.

14.     Respondent failed to notify J.C. of the August 22 hearing or the Courts Order.

15.     Court records reflect that on August 23, the Judge's law clerk attempted to call Respondent, and immediately thereafter, emailed him. The clerk asked Respondent about the status of his representation of J.C. and notified him that she had attempted to call him, but his phone number was disconnected. Respondent responded the following day, stating he did not represent J.C., had not spoken to her in over a year, and had moved to Wisconsin.

//

*Complaint* - Page 4

16.     J.C. subsequently filed a *pro se* Affidavit on September 6, 2023, which stated she had not received notice of the recent filings, was unaware there had been a hearing, and she had only learned of the hearing after the fact, and immediately attempted to contact Respondent. J.C. attached copies of her correspondence with Respondent wherein she informed him that he never withdrew from her case, and because of this, she was unaware of recent developments, resulting in her losing custody of her child.

17.     Respondent advised J.C. that he had moved to Wisconsin and directed her to "motion to set aside judgment". J.C. informed Respondent she could not file anything because he was still counsel of record. Respondent then informed J.C. that he had forgotten his e-filing credentials, so he could not file his motion to withdraw. J.C. asked that the Court provide her an opportunity to be heard in the matter. On September 13, the Court granted Respondent's Motion to Withdraw and set a hearing on the matter, only after allowing Respondent to file his motion via email.

18.     Respondent's failure to withdraw or update J.C. as to the status of her case resulted in her complete lack of awareness and missing both the mediation, and final hearing. At which, the Court adopted a parenting plan that significantly impacted her parenting time.

19.     Respondent failed to notify J.C. of his move from the state, his intent to withdraw, and the numerous developments and orders in her case. Respondent

failed to take any independent action once he discovered he and J.C. had missed a hearing and that he was still counsel of record. Respondent placed the burden of informing the Court and remedying the situation on his client. Respondent's conduct was neither competent nor diligent.

20. Respondent's conduct outlined above constitutes a violation of Rule 1.1, Competence; Rule 1.3, Diligence; Rule 1.4, Communication, and Rule 1.16, MRPC.

## Count Two

21. ODC realleges and incorporates paragraphs 1 through 4 of the General Allegations and paragraphs 5 through 20 as if fully restated in this Count Two.

22. Respondent initially represented J.C. *pro se.* Thereafter, J.C. paid Respondent two (2) cash retainers: $2,500 and $3,500.

23. Respondent failed to place any of the fees into his IOLTA/Trust Account and collected and treated the entirety of the fees as "earned upon receipt."

24. Respondent was unable to provide invoices or time keeping records to reflect that he had earned the entirety of J.C.'s fees at the times he collected them.

25. Respondent also advised ODC that he also did not create or keep a client ledger (or ledgers) or reconcile his IOLTA/Trust Account at any time.

26. The MRPC specifically outlines that advanced fees and costs must be placed into IOLTA and that they may only be withdrawn as they are earned.

*Complaint* - Page 6

27. Respondent's conduct outlined above constitutes a violation of Rule 1.15, Safekeeping Property; and Rule 1.18, IOLTA Program, MRPC.

## Count Three

28. ODC realleges and incorporates paragraphs 1 through 4 of the General Allegations and paragraphs 5 through 28 as if fully restated in this Count Three.

29. Respondent did not provide J.C. with a written fee agreement, outlining his scope of work or his fees, even after his rate changed and the representation was no longer *pro bono.*

30. Respondent was unable to recall or provide documentation depicting the exact amounts of J.C.'s payments. Likewise, Respondent did not issue receipts, track his time, or invoice his services in either matter.

31. Respondent's conduct outlined above constitutes a violation of Rule 1.5, Fees, MRPC.

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission;

//

*Complaint* - Page 7

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendations after a formal hearing to the Montana Supreme Court, and, in the event the Adjudicatory Panel finds the facts warrant disciplinary action and recommends discipline, that the Commission also recommend the nature and extent of appropriate disciplinary action, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 24 day of July, 2024.

OFFICE OF DISCIPLINARY COUNSEL

By: _____
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 8